**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| CURTIS WARD and KENNETH WARD<br>Plaintiffs,<br><br>vs.<br><br>BLITZ U.S.A., INC., WAL-MART STORES, INC., WAL-MART STORES EAST, LP, and WAL-MART STORES EAST, INC.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A #: 1:11-CV-00039-WLS<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

NOW INTO COURT, by and through undersigned counsel, come Plaintiffs Kenneth Ward and Curtis Ward, who, in support of their claims against Defendant Blitz U.S.A., Inc., ("Blitz) as well as Wal-Mart Stores, Inc., Wal-Mart Stores East LP, and Wal-Mart Stores East, Inc. allege as follows:

**INTRODUCTION**

1. On or about January 11, 2011, a portable plastic gas can manufactured by Blitz and sold by all Defendants exploded causing Plaintiffs Curtis Ward and Kenneth Ward to suffer severe burns which have caused them to incur substantial medical expenses, disfigurement and other recoverable damage. This action is brought against the Defendants pursuant to the laws of the State of Georgia to recoup all compensatory and punitive damages to which the Plaintiffs are entitled as a result of the personal injuries they have suffered.

**PARTIES**

2. Plaintiff Kenneth Ward is an adult resident citizen of Decatur County, Georgia.

3. Plaintiff Curtis Ward is an adult resident citizen of State of Florida.

4. Defendant Blitz U.S.A., Inc. ("Blitz") is an Oklahoma corporation which maintains its principal place of business in Miami, Oklahoma, and is engaged in business in the State of Georgia. Blitz may be served with process by serving its registered agent, Rocky Flick, Blitz U.S.A., Inc., 404 26th Ave. NW, Miami, Oklahoma 74354-2206.

5. Defendant Wal-Mart Stores, Inc. is a Delaware corporation engaged in business in Georgia with its principal place of business in Bentonville, Arkansas. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership engaged in business in Georgia with its principal place of business in Bentonville, Arkansas. Defendant Wal-Mart Stores East, Inc. is an Arkansas corporation engaged in business in Georgia with its principal place of business in Bentonville, Arkansas. All three defendants (hereinafter collectively "Wal-Mart") may be served process through their registered agent Corporation Process Company, 328 Alexander Street, Suite 10, Marietta, Georgia 30060.

**JURISDICTION & VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and diversity of citizenship exists between Plaintiffs and Defendant.

7. Venue is proper in the District Court of the Middle District of Georgia, Thomasville Division pursuant to 28 U.S.C. § 1391 (a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in whole or in part within this District. The gas can exploded in this District in Attapulgas, Georgia, Decatur County.

8. Defendants have each purposefully availed themselves of the privilege of

conducting business activities within the State of Georgia by placing products, including the portable gasoline container at issue in this matter, into the stream of commerce and by advertising their products and establishing retail facilities within the state.

9. Defendants derive substantial revenue from goods sold and used in the State of Georgia.

10. Defendants do reasonably expect, or should reasonably expect, that their business activities could or would have consequences within the State of Georgia.

11. Defendants have established continuous and systematic contacts with the State of Georgia sufficient to confer general jurisdiction.

## FACTUAL BACKGROUND

12. At a time prior to January 11, 2011, Blitz designed and manufactured a portable plastic gas can for sale in the stream of commerce (referred to hereinafter as "Subject Gas Can").

13. At a time prior to January 11, 2011, the Subject Gas Can was sold by the Wal-Mart Defendants to Curtis Ward.

14. On or about January 11, 2011, Plaintiff Curtis Ward used the Subject Gas Can to pour gas to be used in the ignition of a pile of debris in a portable fire pit. Shortly thereafter, gasoline vapors outside the Subject Gas Can ignited and the flame flashed back into the vapor trail inside the container, causing the Subject Gas Can to explode. The explosion caused catastrophic injury to Plaintiffs Curtis Ward and Kenneth Ward, who was standing nearby.

15. Blitz designed, manufactured, assembled, marketed, distributed and sold the Subject Gas Can that caused Plaintiffs' injuries and damage.

16. The Wal-Mart Defendants sold the sold The Subject Gas Can to Plaintiff Curtis Ward and in connection with that sale impliedly warranted that the Subject Gas Can was fit for ordinary purposes and not unreasonably dangerous.

17. Plaintiff Kenneth Ward is the brother of and in the family of Plaintiff Curtis Ward.

18. The Subject Gas Can was not modified or altered after it left Defendants' control, and Plaintiff Curtis Ward was utilizing the Subject Gas Can in an ordinary and reasonable manner in which the Subject Gas Can was intended and reasonably expected to be used.

19. Prior to the manufacturer and sale of the Subject Gas Can, Defendants were aware that Blitz gas can owners use the cans to pour gas as an ignition source for burning debris. Thus, Plaintiff Ward's use of the Subject Gas Can was reasonably foreseeable.

20. The Subject Gas Can was defective and unsafe for its intended purposes at the time it left the control of Defendants in that the design failed to include a flame arrestor device, which is a necessary safety device that would have prevented the Plaintiffs injuries.

21. Prior to the manufacturer and sale of the Subject Gas Can, Defendants were aware that other manufacturers including Eagle Manufacturing and Chilton had chosen to incorporate flame arrestors into plastic gas cans. Thus, the incorporation of flame arrestors into plastic gas cans was technologically feasible.

22. Defendants knew or should have known of the Subject Gas Can's susceptibility to flashback which occurs when gasoline vapors ignite and the flames chase the vapor trail back into the can, causing an explosion and/or spew of flames and burning gasoline.

23. Prior to the explosion of the Subject Gas Can, neither Plaintiff was aware that the gas can could have been sold with a flame arrestor and/or that it did not contain a flame arrestor, nor were Plaintiffs aware that a fire could follow fumes and flash back into the can.

24. As a direct and proximate result of Defendants' acts and/or omissions in the design, manufacture, assembly, marketing, distribution and sale of the Subject Gas Can, which lacked a flame arrestor/flashback arrestor, Plaintiffs suffered and continue to suffer severe personal injuries, including, but not limited to, severe burns, physical pain and impairment, physical disfigurement and other recoverable damage.

## CAUSES OF ACTION
## COUNT 1 DESIGN DEFECT
**(Defendant Blitz U.S.A., Inc.)**

25. Plaintiffs re-allege and incorporate in this count each and every preceding allegation as if fully pled herein.

26. The Subject Gas Can designed, manufactured, assembled, marketed, distributed, and sold by Blitz was defective and/or unreasonably dangerous when sold.

27. The Subject Gas Can designed, manufactured, assembled, marketed, distributed, and sold by Blitz was the producing cause of Plaintiff Curtis Ward's and Plaintiff Kenneth Ward's injuries.

28. Blitz is engaged in the business of designing, manufacturing, assembling, marketing, distributing, and selling portable gas cans, including the Subject Gas Can, to consumers within the stream of commerce.

29. Blitz expected the Subject Gas Can, so introduced and passed on in the course of trade, to ultimately reach the residential consumer and/or users without substantial change in the condition in which it was originally sold.

30. The Subject Gas Can was without substantial change in the condition from which it was originally sold by Blitz and unexpectedly failed under ordinary and foreseeable use.

31. At the time the portable gas can left Blitz's control, and at all times complained of, safer alternative designs were available that would have eliminated the risk of the Subject Gas Can exploding without substantially impairing the usefulness and intended purpose of the product.

32. The Subject Gas Can was unreasonably dangerous and defective in that its design and construction did not incorporate a flame arrestor, a technologically and economically feasible safety device that would have prevented the explosion in the present case.

33. A flame arrestor, sometimes called a flame arresting screen, flash arrestor or spark arrestor, is a small metal device that is placed in a container's openings and allows liquids to flow out of the container but prevents the flashback of flames back into the container. The device consists of either a perforated metal screen or a wire mesh screen.

34. The efficacy of a flame arrestors has been known to the gasoline manufacturing industry for decades, and particularly the manufacturers of portable gas cans have been aware of their existence since before they were first placed in industrial gas cans in the 1920's and began being placed in consumer gas cans by at least 1978.

35. For more than a quarter century, the utility and efficacy of flame arrestors has been a topic of discussion in the media and national publications and the subject of numerous lawsuits filed by consumers, users, and bystanders who have been burned and/or killed in encounters with portable gas cans that were not equipped with the device.

36. Consequently, Blitz has known, or should have known, for decades prior to this incident that gas cans without flame arrestors were susceptible to flashback (i.e., when gasoline

vapors outside the container ignite, the flames can follow the vapor trails back inside the container causing it to explode and/or spew flames and burning gasoline).

37. Without the inclusion of a flame arrestor, the foreseeable risk of injury and/or death associated with the use of the Subject Gas Can far exceeded any utility and/or benefits associated with its design.

38. Nevertheless, despite the wealth of available scientific knowledge, Blitz has made, and continue to make, a conscious decision to endanger the safety of consumers, users, and bystanders by refusing to incorporate a well-known safety device into its portable gas cans, despite the fact that this safety device is economically and technologically feasible.

39. As a direct and proximate result of one or more of Blitz's acts or omissions as described herein and as a direct and proximate result of the Subject Gas Can's defective design, suffered severe burn injuries.

40. As such, Blitz is liable pursuant to the provisions of Ga. Code Ann. § 51-1-11.

**COUNT 2 FAILURE TO WARN**
**(Defendant Blitz U.S.A., Inc.)**

41. Plaintiffs re-allege and incorporate in this count each and every preceding allegations as if fully pled herein.

42. Blitz failed to provide adequate warnings that would be reasonably calculated to catch the attention of a reasonably prudent person given that its warnings were not conspicuous.

43. At the time the portable gas can left Blitz's control, consumers and/or foreseeable users, such as Plaintiffs, were not and still are not, likely to possess knowledge of the extent and magnitude of the risks associated with using Blitz's portable gas cans.

44. Without such knowledge, consumers and/or foreseeable users would not be in a position to avoid the product's inherent dangers through the exercise of ordinary and reasonable

care. Conversely, Blitz knew, and was certainly in the best position to know, that its portable gas cans, as designed, posed a tremendous and horrific risk of injury to consumers, users, and bystanders.

45. As a direct proximate result of one or more of Blitz's failures to warn of the subject gas can's defective design, Plaintiffs suffered severe burn injuries.

46. As such, Blitz is liable pursuant to Georgia law including violating the duty to warn of non-obvious foreseeable dangers from the normal use of its products.

**COUNT 3 NEGLIGENCE**
**(Defendant Blitz U.S.A., Inc.)**

47. Plaintiffs re-allege and incorporate in this count each and every preceding allegations as if fully pled herein.

48. Blitz owed consumers and/or foreseeable users, including Plaintiffs, the duty of reasonable care it its design, manufacture, assembly, marketing, distribution and sale of the Subject Gas Can.

49. Blitz ignored and/or breached that duty by its following negligent acts and/or omissions:

A. Failed to design and produce a reasonably safe portable gas can;

B. Designed, manufactured, assembled, marketed, distributed, and sold a portable gas can that was defective;

C. Placed into the stream of commerce a portable gas can that was defective in design;

D. Placed into the stream of commerce a portable gas can that was defective in that it failed to contain adequate warnings and instructions;

E. Placed into the stream of commerce a portable gas can that was unfit for its intended use;

F. Placed into the stream of commerce a portable gas can likely to cause injury in its ordinary use;

G. Placed into the stream of commerce a portable gas can that contained manufacturing defects;

H. Failed to incorporate a flame arrestor in the product design;

I. Failed to properly test its portable gas can and prototypes thereof with flame arresting material;

J. Failed to provide adequate instructions and warnings with the product after learning, knowing, or having reason to know, of the defects existing in the product that rendered it unreasonably dangerous for its intended use;

K. Failed to provide adequate warnings that would be reasonably calculated to catch the attention of a consumer and/or user of that would convey a fair indication of the nature and extent of the dangers involved in using or misusing its product;

L. Failed to actively seek information regarding incidents in which consumers, users, and bystanders were injured and/or killed when they encountered portable gas cans;

M. Failed to actively seek information regarding incidents involving explosion and/or internal combustion of portable gas cans;

N. Failed to provide post-sale warnings after learning, knowing, or having reason to know of the defects existing in the product that rendered it unreasonably dangerous for its intended use;

O. Failed to take subsequent remedial measures or to recall the product after learning, knowing, or having reason to know of the defects existing in the product that rendered it unreasonably dangerous for its intended use;

P. Ignored and/or failed to investigate scientific, technological and industry information and studies regarding the efficacy of flame arrestors;

Q. Ignored and/or failed to investigate other lawsuits and/or similar incidents involving similar claims and incidents in which consumers, users, children, and/or bystanders were severely and routinely burned and/or killed when encountering such portable gas cans;

R. Failed to report incidences and lawsuits involving other consumers, users, and bystanders who have been burned and/or killed when encountering the portable gas cans to the Consumer Product Safety Commission;

S. Failed to warn that the gas can was not equipped with safety devices;

T. The subject gas can, as sold, posed a risk of flammable vapor ignition, flashback and explosion to users beyond that understood or contemplated by the average reasonable consumer, and the risks associated with this design outweighed its utility; and

U. Blitz knew or should have known that consumers would use their gas cans to start and/or maintain a fire, creating an unreasonable and unexpected hazard of vapor ignition and resulting fire, without appropriate design features to prevent ignition and flashback.

50. As an actual and proximate result of Blitz's negligent acts and/or omissions, the Subject Gas Can, that caused Plaintiffs' injuries, was placed into the stream of commerce in a defective and unreasonably dangerous condition.

51. Plaintiffs' injuries and the manner in which they occurred were reasonably foreseeable to Blitz, which had actual and/or constructive knowledge from within the industry,

nation publications, media reports and prior claims and lawsuits, that consumers, users, and bystanders were being routinely burned and/or killed when encountering their portable gas cans.

52. As a direct and proximate result of one or more of Blitz's negligent acts or omissions as described herein, Plaintiffs suffered severe burn injuries.

**COUNT 4 BREACH OF WARRANTY**
**(Wal-Mart Defendants)**

53. Plaintiffs' re-allege and incorporate into this count each and every preceding allegations as if fully pled herein.

54. The Wal-Mart Defendants, by and through the sale of its portable gas cans, impliedly warranted to the consumer and/or foreseeable users, such as Plaintiffs, that the container was fit for its ordinary and foreseeable purposes.

55. The Wal-Mart Defendants violated O.C.G.A. § 11-2-314 (2) (c) (the implied warranty of merchantability) by selling the plastic gas can without a flame arrestor. The gas can without the flame arrestor as described herein was unreasonably dangerous and not fit for ordinary purposes.

56. Plaintiffs made ordinary use of the container in reliance on said warranties.

57. Contrary to said warranties, the portable gas can was defective and unfit for its ordinary and foreseeable purposes, rendering it unreasonably dangerous.

58. Wal-Mart Defendants breached its implied warranties by one or more of the following respects, among others:

A. Failure of the gas can itself and by improper marketing;

B. Selling the gas can without a flame arrestor and/or other safety devices to make the gas can safe for its foreseeable environment;

C. Selling the gas can without providing adequate warnings about the inherent dangers involved in the use of gasoline and its gas can;

D. Selling the gas can without warning that the gas can was not equipped with a flame arrestor or other safety devices;

E. The gas can, as sold, posed a risk of flammable vapor ignition, flashback and explosion to users beyond that understood or contemplated by the average reasonable consumer, and the risks associated with its design outweighed its utility;

F. Wal-Mart Defendants knew or should have known of feasible alternative designs that would have significantly reduced and/or eliminated the risk of flammable vapor ignition and sold The Subject Gas Can without said design alternatives which would have made it safe for its foreseeable environment;

G. Wal-Mart Defendants knew or should have known that consumers would use gas cans to start and/or maintain fires, creating an unreasonable and unexpected hazard of vapor ignition and resulting fire, without appropriate design features to prevent flashback;

H. Failed to assure that the product design included a flame arrestor;

I. Failed to protect foreseeable users of the gas can from the dangers present in the use of such container, which dangers Wal-Mart Defendants knew or should have known existed;

J. Placed on the market a gas can which was unfit for its intended use; and

K. Placed on the market a gas can which was not safe for the ordinary purpose for which it was sold.

59. As an actual proximate result of Wal-Mart Defendants breaches of said warranties, the subject gas can was placed into the stream of commerce in a defective and unreasonably dangerous condition.

60. Plaintiffs' injuries and the manner in which they occurred were reasonably foreseeable to Wal-Mart Defendants, which had actual and/or constructive knowledge from within the industry, national publications, media reports, and prior claims and lawsuits, that consumers, users, children and bystanders were being routinely burned and/or killed when encountering their portable gas cans.

61. As a direct and proximate result of said breach of warranty, Plaintiffs suffered severe burn injuries.

## CAUSATION AND DAMAGES

62. Plaintiffs re-allege and incorporate in this section each and every preceding allegation as if fully pleaded herein.

63. Defendants caused Plaintiffs significant and permanent injury and harm as a result of the negligence and other tortious conduct set forth herein. Plaintiffs demand money damages consistent with Georgia law for the harm inflicted by Defendant, including, but not limited to the following:

a. Past and future costs of medical care;

b. Past and future losses of wages, entitlements, support and other recoverable economic losses;

c. Past and future emotional distress;

d. Past and future pain and suffering and

e. Past and future hedonic damages.

64. Defendant has exhibited such willful disregard and/or absence of due care and/or recklessness and/or gross negligence such that punitive damage are appropriate in this action. Defendants conduct includes refusing to incorporate a flame arrestor in the Subject Gas Can and selling the Subject Gas Can without a flame arrestor despite *inter alia* knowledge of the feasibility and relative inexpensive nature of such a device; the propensity of Blitz gas can users to use gas cans in a manner such as that used by Plaintiffs; the catastrophic injuries suffered by similarly situated users; and the fact that a flame arrestor would prevent injuries such as those suffered by Plaintiffs.

**WHEREFORE,** Plaintiffs Curtis Ward and Kenneth Ward pray that they be awarded all compensatory and punitive damages due and owed, including attorney's fees and costs associated with the prosecution of this action, as allowed by Georgia law, and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted, this 10th day of May, 2011.

By: s/ Brady R. Thomas
Brady R. Thomas, Esq.
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, L.L.C.
P. O. Box 1368
1730 Jackson Street
Barnwell, SC 29812
Telephone No.: (803) 541-7850
Fax No.: (803) 541-9625
E-Mail: bthomas@rpwb.com
Ga. Bar No. (#183237)

**Attorney for Plaintiffs Curtis Ward**
**And Kenneth Ward**

**CERTIFICATE OF SERVICE**

I certify that on May 10, 2011, I submitted the above to all counsel of record via ECF:

Michael J. Goldman, Esq.
HAWKINS, PARNELL, THACKSTON & YOUNG, LLP
4000 Sun Trust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243
Phone: 404-614-7471
Fax: 404-614-7500
mgoldman@hptylaw.com
Georgia Bar No 300100

Attorneys for Defendants